Smiti-i, J.
At the April term, 1889, of the court of common pleas of this county, an indictment was found by the grand jury against Joseph Geiger, charging that on January 22, 1889, he did intentionally, but without malice, point and aim a pistol at and toward one Louis A. Doepke, said pistol being then and there loaded with powder and ball, as he, the defendant, well knew.
To this indictment the defendant pleaded not guilty, and the case was tried to a jury, which did not agree upon a ver *284 diet, and was discharged by the court, and at a subsequent term the defendant was, without objection on his part, put upon trial on the same issue, and was found guilty by the jury, which also specially found that the pistol so pointed was then loaded with powder and b'all, but no express finding was made as to the knowledge of defendant of that fact. Thereupon the defendant filed a motion to set aside the verdict and grant him .a new trial, for the reasons, among others, that the verdict was against the evidence and contrary to law, and for errors of law occurring at the trial. This motion was overruled by the court, and the defendant sentenced to pay a fine of $100 and •costs. A bill of exception was then taken, not purporting to contain all of the evidence, but containing statements of what it tended to prove; the objections made to certain evidence offered by the state, with the ruling of the court thereon, duly excepted to ; the motion made by the defendant at the close •of the evidence, on the part of the state, to withdraw the ease from the jury, and to direct them to return a verdict of not guilty, and the overruling of that motion, and the refusal of the court to give certain special charges asked by the defendant, and the whole charge as given to the jury, with proper exceptions. -
The petition in error makes substantially the same assignments of error as the motion for a new trial, and in addition, that the court erred in refusing to grant a new trial.
On the argument of the case in this court, it is claimed for the first time, so far as the record discloses, that the indictment is defective in this: that being founded on sec. 6822, Revised Statutes, (which, after defining the offense, and the penalty for its violation) closes with this separate sentence: ■“ This section shall not extend to any case where fire-arms are used in self-defense, or in the discharge of official duty, or in the case of justifiable homicide,” it contains no averment that the pointing of the pistol complained of, was in neither cf the ways mentioned in the sentence quoted.
If such negative averment was necessary, its omission might *285 have been taken advantage of by a motion to quash the indictment, (sec. 7249); by a demurrer thereto, (sec. 7251), or by a motion in arrest of judgment, (sec. 7353). No such demurrer or motion was filed in this case. But we are of the opinion, that if the indictment wrns fatally defective, so that a demurrer thereto would have been sustained on the ground that no-offense was charged therein, or a motion in arrest of judgment should have been granted for the same reason, that it may be taken advantage of in a proceeding in error to reverse the-judgment, though no such demurrer or motion was filed. Such seems to be the holding in the case of Davis v. The State, 19 Ohio St. 270, and Carper v. The State, 27 Ohio St. 572. But under the decision of the case of Stanglier v. The State, 17 Ohio St. 460, the indictment in this case was sufficient. The-court there approved the rule laid down in Hines v. The State, 1 Ohio St. 15, “that a negative averment as to the matter of an exception or proviso in a statute, is not requisite in an indictment, unless the matter of such exception or proviso enter-into and become a part of the description of the offense, or a qualification of the language defining or creating it,” and in-conformity therewith held that an indictment for bigamy under the seventh section of the act for the punishment of crimes,. (1 Curwen’s Stat. 185), which section, after describing and defining the offense, was followed by this language, “ but nothing contained in this section shall be construed to extend to any person whose husband or wife shall be continually and-willfully absent for the space of five years together, and unheard from next before the time of such marriage,” need not contain allegations negativing these conditions. The form and construction of sec. 6832, on which the indictment in this case is predicated, is almost identical with the section referred to in-the case cited, and the same rule applies to both. It is radically different in this respect from the ordinance of the city which was before us for construction in the case of Pope v. The City of Cincinnati, 3 Circuit Court Rep. 497, cited to us-by counsel for the plaintiff in error. ‘
*286 Second — The court of common pleas, over the objection of defendant, allowed evidence to be given on behalf of the state, that shortly before the time of the commission of the act charged in the indictment, the defendant had gone to the store-of Doepke, the prosecuting witness, and quarrelled with him, and then returned and flourished a pistol, and threatened to shoot him, and that a day or two before the act, he had again threatened to do so. We think this was competent evidence-as tending to throw light on the question whether the pointing of the pistol at Doepke, if shown, was intentional on the part of the defendant.
Third — The whole of the testimony not being set out in the bill of exceptions, we are not in a position to know, whether the motion to arrest the evidence from the jury and to direct a verdict of not guilty, or the motion for a new trial, after-wards made, should have been granted.
Fourth — The trial court refused to charge the jury, as requested by the defendant, that the jury must be satisfied beyond a reasonable doubt that the pistol was loaded, and in another charge^ “that it was loaded, and that the defendant knew that it was loaded, before he could be found guilty.” And .in the general charge, the jury was instructed, that a pistol capable of being loaded with powder and ball is a firearm, and that if such a pistol was intentionally pointed at Doepke by the defendant, he might be found guilty, if the evidence justified it, though it was not in fact loaded, or the defendant did not know that it was loaded. To these rulings of the court the defendant duly excepted.
As to this point we are of the opinion, that it was wholly unnecessary to make either of these allegations in the indictment. The statute itself in describing the offense, certainly does not expressly, or as we think, by implication, say that the pistol must be loaded. The section, under consideration seems to have been intended to make criminal, 1st, the intentional pointing of a fire-arm by one person, at or toward another, whether loaded of unloaded. 2nd, the discharging *287 of any fire-arm at another, when so pointed and aimed; and 3rd, the injuring of a person by the discharge of a fire-arm so pointed or aimed. It is apparent that to constitute an offense-under the second or third clauses of the section, the pistol must be loaded with something, for otherwise it could not be discharged; but such is not the case under the first clause. And, we think, the legislature evidently intended by making it criminal to do so, to breakup the practice of intentionally pointing a fire-arm at another, under such circumstances that if it were loaded, and discharged, injury might result to the person at whom it was aimed. And if it was unnecessary to make these allegations in the indictment, and the offense is accurately and otherwise properly charged in the indictment, these averments may be considered as surplusage, and as such be disregarded. Wharton’s Crim. Pleading & Practice, 8th ed. 158; Archbold’s do. (Pomeroy’s Ed.) 361, note 1; 1 Bishop. Crim. Procedure, 478.
But if this were not so, the jury, having by a spécial verdict found that the pistol was in fact loaded, it may be that this would cure the error, if any existed (which was not the case, we think), in the charge of the court, that it was not necessary that it should be. But the jury did not expressly find that defendant knew that it was loaded, and it is the claim of counsel for plaintiffs in error, that the defendant must have known this before he could be found guilty. The charge in the indictment was that he intentionally did the act, and the jury found that he did ; but if it was immaterial whether the pistol was loaded or unloaded, his knowledge as to this fact was also immaterial. There is a class of cases in which it is necessary to aver and prove “ guilty knowledge ” on the part of the defendant, even where the statute in defining the offense does not use the word^ “knowingly,” or equivalent terms, as in an indictment against a person for selling liquor to a minor, or one in the habit of becoming intoxicated, as held in 3 Ohio,. *288 475. But this, we suppose, is on the ground, that as the sale of liquor is legal, except in the cases prohibited by the statute, that it is requisite to allege in the indictment, and show upon the trial, not only the commission of the act itself, but the guilty knowledge of the. fact of minority or intoxication. This seems to be a just and reasonable rule, but it is not applicable to the case at bar; for there is no statute, or doctrine of the law which makes the pointing of a pistol (which is in the nature of an assault) at another, loaded or unloaded, generally lawful.
Joseph Cox, Jr., for plaintiff in error.
J. C. Schwartz, Pros. Atty., and D. T. Wright, Asst, Pros„ Aity., for the state.
¥e should, therefore, feel constrained to affirm the judgment in this ease, were it not that the record in this case is in the same shape, as that of the case of the State v. Ladd, just decided, in so far as the action of the court in discharging the jury on the first trial is concerned. The form of the general entry is precisely the same, and there has been no attempt to correct it by anunapro tunc entry, though the attention of counsel has been called thereto. For the same reasons which induced our action in that case, we must hold that the judgment in this case should be reversed, and the cause remanded for such further proceedings as may be warranted by law. If the error is not corrected, the defendant should be discharged from further answering to the indictment.